UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| KATHLEEN ALLEN, )<br>)<br>  Plaintiff, )<br>)<br> vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner, Social Security )<br>Administration, )<br>)<br>  Defendant. ) | CIV. 08-5034-KES<br><br><br><br>ORDER GRANTING MOTION<br>FOR JUDGMENT<br>AND REMAND |

Defendant, Michael J. Astrue, Commissioner of Social Security (the Commissioner), moves the Court to enter a judgment with an order of reversal with remand of the cause to him for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff, Kathleen Allen, opposes the motion and contends that the court is without the power to remand under sentence four absent a substantive ruling in the case. After consideration of the merits of the case, the court grants judgment for Allen and remands this case to the Commissioner for further proceedings.

## DISCUSSION

Pursuant to sentence four of 42 U.S.C. § 405(g), the court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a hearing." Here, the Commissioner, after reviewing the administrative record, concedes that the ALJ erred by failing

to consider or discuss the opinions of Dr. Stephen Bailey, Allen's treating physician. Dr. Bailey opined that Allen suffered from Complex Regional Pain Syndrome (CRPS). The ALJ concluded that Allen's CRPS was not a "severe" impairment. While this conclusion was supported by the opinions of Drs. Wayne Anderson and Neil Pitzer, the ALJ failed to discuss the opinion of Allen's treating physician. Failure of the ALJ to "give good reasons" for the weight given to the treating physician's evaluation is error. 20 C.F.R. § 404.1527(d)(2); Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000). As a result, this court finds that the decision of the Commissioner is not supported by substantial evidence in the record.

Allen asks this court to award her immediate benefits because of this error. But conflicting medical evidence exists. As a result, the appropriate remedy is remand for further administrative proceeds to afford the ALJ the opportunity to properly consider the weight to be given the medical evidence. See, e.g., Reed v. Barnhart, 399 F.3d 917, 924 (8th Cir. 2005) (case remanded to Commissioner when improper weight given to claimant's treating physician by ALJ); Chitwood v. Bowen, 788 F.2d 1376, 1378 (8th Cir. 1986) (case remanded so ALJ could give appropriate weight to the medical evidence and determine applicant's residual functional capacity).

Allen contends that pursuant to Brown v. Barnhart, 282 F.3d 580 (8th Cir. 2002), the court is without the power to enter a summary order remanding the case to the Commissioner under sentence four. Rather than entering a summary order as the district court did in Brown, this court has

issued a substantive ruling and is reversing the decision of the Commissioner and remanding this matter to the Commissioner for further proceedings consistent with this opinion. Such action is fully consistent with the power given to the court under sentence four.

Accordingly, it is hereby

ORDERED that the Commissioner's motion for entry of judgment in favor of Allen with an order of remand pursuant to Sentence Four of 42 U.S.C. § 405(g) (Docket 11) is granted.

Dated January 6, 2009.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> CHIEF JUDGE